# Ballard Spahr
LLP

- - - - - - - - - - - - - - - - - - -

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Jacquelyn Schell
Tel: 646.446.8048
Fax: 212.223.1942
SchellJ@ballardspahr.com

September 18, 2024

*By Electronic Filing*

U.S. District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Browne, et al., v. Donalds, et al.*, Case No. 2:21-cv-02840-AB-AJR (C.D.Cal.),
      Motion to Quash Non-Party Subpoenas

Your Honor:

      We represent Paramount Global ("Paramount"), New Remote Productions Inc. ("NRP"), and Zero Point Zero Productions, Inc. ("ZPZ") (together, the "Non-Parties"). We write, pursuant to Fed. R. Civ. P. 45(d), 30(b)(6), and 26(c) and Local Civil Rule 37.2, to request a conference regarding the Non-Parties' intended motion to quash two subpoenas calling for the production of voluminous, privileged documents and unnecessary depositions.

## Factual & Procedural Background

      ZPZ is an award-winning media company that produced an eight-episode documentary series traveling the Latine diaspora to report on the development of hip hop, reggaeton, and other musical genres. *See De La Calle*, https://www.imdb.com/title/tt29417745/, IMDB.com. ZPZ produced the docuseries *De La Calle* as a work-for-hire for NRP, a subsidiary of Paramount.[1]

      On August 9, 2024, the plaintiffs in the above-referenced copyright action ("Plaintiffs"), served a subpoena on Paramount, demanding that it produce privileged editorial materials and appear for a deposition regarding the same on September 5, 2024. On or around the same day, Plaintiffs served a nearly identical subpoena on ZPZ, seeking the same information and a deposition on September 6. *See* Exs. A, B ("Subpoenas").

      The Subpoenas demanded that Paramount and ZPZ each separately produce: (1) "all video and interview footage" from *De La Calle*, "whether it appeared in the documentary series or not;" (2) all eight aired episodes; (3) "all communications" with musical duo Gente de Zona; and (4) "all communications" with musician, Feid. Ex. A at 13; Ex. B at 15. The Subpoenas also demanded depositions regarding (1) the authenticity of those records; (2) related record-keeping practices; and (3) "[t]he development and production of *De La Calle* and the creative decisions made regarding subject matter and individuals to involve." Ex. A at 7; Ex. B at 9. The Subpoenas were not, in any way, tailored to any matter at issue in the underlying litigation.

---

[1] NRP developed and produced *De La Calle* in conjunction with ZPZ.

U.S. District Judge
September 18, 2024
Page 2

The Non-Parties objected to the Subpoenas, which improperly seek unpublished editorial materials—including communications with sources and unaired footage—that are protected against compelled disclosure by the reporter's privileges under New York and California state law, federal law, and the First Amendment. *See* Exs. C, D; *In re HBO (Laster)*, 64 Misc. 3d 566, 569-74 (Sup. Ct. N.Y. Cnty. 2019) (quashing subpoena for unaired footage from HBO documentary series). Further, the Subpoenas are improperly overly broad, unduly burdensome, seek irrelevant information, and seek information from Non-Parties prior to making any effort to seek the information from parties to the action. *See* Exs. C, D.

The Non-Parties offered to produce the aired footage with a custodian's declaration, if Plaintiffs would identify the episode(s) at issue and agree to limit the Subpoenas. *Id.* Counsel for the Non-Parties asked if Plaintiffs could identify any particular interview of interest or explain its relevance to their case. Plaintiffs' counsel did not do so. He offered only that some outtakes *might* discuss his clients or their music, since the docuseries discussed the same genre of music at issue in his copyright case.[2] He also failed to explain the relevance of this unidentified information to the claims in the underlying litigation.

The Non-Parties also sought to avoid court intervention by repeatedly asking that the depositions be removed from the calendar. Plaintiffs' counsel agreed to postpone the depositions for a week, and more recently until September 30, but refused to hold them in abeyance. This, despite the purpose of the depositions merely being to authenticate as-yet unidentified outtakes and make rambling inquiries into the production of *De La Calle*, a series that is not even at issue in the underlying litigation. As a result, the Non-Parties now seek the Court's intervention to protect their privileged journalistic materials and to avoid the unnecessary cost and burden of reviewing over 1000 hours of footage and preparing for two wholly unnecessary depositions.[3]

### Argument

The Non-Parties respectfully request that the Court quash the Subpoenas, including both the depositions and the demand to produce documents, for the following reasons:

*First*, the Subpoenas seek unaired journalistic materials and testimony that are shielded from disclosure by the reporter's privilege. *See Baker v. F & F Inv.*, 470 F.2d 778, 785 (2d Cir. 1972) (under the First Amendment, journalist could not be compelled to produce newsgathering materials "absent a concern so compelling as to override the precious rights of freedom of speech and the press"); *Gonzales v. NBC*, 194 F.3d 29, 36 (2d Cir. 1998) (non-confidential newsgathering materials are obtainable only on proof they are "of likely relevance to a significant issue in the case and are not reasonably obtainable from other available sources"); *see*

---

[2] Plaintiffs' only offered compromises were to "limit" the Subpoenas to unspecified, hypothetical discussions of his clients or their music or to search the unaired footage themselves. The former would require the Non-Parties to conduct a costly and burdensome search of over 1000 hours of footage from 70 days of filming. The latter would require that the Non-Parties provide unfettered access to the entirety of these privileged outtakes. Neither is a real solution.

[3] The Non-Parties seek this Court's intervention, as the ZPZ Subpoena calls for production in Manhattan, where its records are stored, and Paramount's records are stored through its library department, also located in Manhattan. *See* Fed. R. Civ. P. 45(c) & (d)(3)(A).

U.S. District Judge
September 18, 2024
Page 3

*also* N.Y. Civ. Rights Law § 79-h; N.Y. Const. art. I, § 8. Plaintiffs have not shown—indeed, have made *no effort* to show—that the requested information is discoverable, much less relevant to a significant issue and not reasonably obtainable from other sources. They cannot overcome the reporter's privilege.

      *Second*, the Subpoenas are overly broad, unreasonably cumulative, unduly burdensome, and not relevant or proportional to the needs of the case. The Subpoenas' demands for ***all aired and unaired footage***, communications, and testimony regarding production and creative decisions for the series far exceed the bounds of Rules 26, 30, 34, and 45. *Alcon Vision, LLC v. Allied Vision Grp., Inc.*, 2019 WL 4242040, at *3 (S.D.N.Y. Sept. 6, 2019) (quashing non-party subpoena that sought "All Documents" in connection with several topics as unduly burdensome). Plaintiffs have made no effort to identify what particular footage they seek or how it is relevant to their case. Even more egregious, Plaintiffs made these far-reaching demands before making any attempt to seek this information from the 160+ defendants in the case, despite their obligation under Rule 45 not to impose an undue burden on non-parties. Fed. R. Civ. P. 26(b)(2)(C) (courts "must limit" discovery where information sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive").[4]

      *Third*, the proposed depositions are wholly unnecessary. The Non-Parties have offered to provide declarations authenticating the aired footage, which would leave only a single topic, which seeks privileged and wholly irrelevant information about the "development and production of *De La Calle*." Exs. A, B; *see Hermitage Glob. Partners LP v. Prevezon Holdings Ltd.*, 2015 WL 728463, at *5-6 (S.D.N.Y. Feb. 19, 2015) (quashing "essentially duplicative" subpoenas that would "likely lead to little—if any—discoverable evidence"). *De La Calle* is not at issue in the underlying litigation. The depositions do not serve any genuine discovery need. Instead, they appear cynically to be noticed only to force the Non-Parties to incur unnecessary costs and to place the burden on them to move to quash, unlike a document-only subpoena, which would allow them simply to object. *See* Fed. R. Civ. P. 45(d)(1) (allowing sanctions for failure to minimize costs to non-parties).

### Conclusion

      Plaintiffs' inability to articulate what they seek or why they believe the Non-Parties possess it, coupled with their refusal to limit their Subpoenas or drop their unnecessary deposition demands, merit quashing the Subpoenas in full. Should the Court disagree, the Non-Parties alternately ask that the Court limit the Subpoenas to require only production of aired (non-privileged) episodes with a custodian's declaration. As the Non-Parties have repeatedly offered this solution to Plaintiffs and been rebuffed, they also respectfully request that the Court award their fees and costs incurred on this motion.

Respectfully submitted,

*/s/ Jacquelyn N. Schell*

Jacquelyn Schell

---

[4] We understand that the first phase of discovery has just begun, that Plaintiffs have not served discovery on the defendants, and that several defendants oppose the Subpoenas (and several others served on other documentarians) as premature and not relevant to this phase.

U.S. District Judge
September 18, 2024
Page 4

cc:     Scott Burroughs, Esq., Counsel for Plaintiffs, *via email*
        Frank R. Trechsel, Esq., Counsel for Plaintiffs, *via email*
        Benjamin F. Tookey, Esq., Counsel for Plaintiffs, *via email*