# Exhibit B

Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND CONSTANTINE BROWNE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RODNEY SEBASTIAN CLARK DONALDS, et al., <br><br> Defendants. | Case No.: 2:21-cv-02840-AB-AFM <br> *Hon. André Birotte Jr. Presiding* <br><br> **NOTICE OF DEPOSITION SUBPOENA TO ZERO POINT ZERO PRODUCTION, INC.; NOTICE OF INTENT TO VIDEOTAPE DEPOSITION** <br><br> **Via Videoconference Link** <br> Date: September 6, 2024 <br> Time: 9:30 am <br> Location: By Zoom Videoconference |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 45, Plaintiffs will take the deposition of the Persons Most Qualified of Zero Point Zero Production, Inc. at the date, time, and location set forth hereinabove, continuing from day to day, excluding holidays until completed. The deposition will be taken via videoconference link enabled by Zoom videoconference platform and virtually before a certified shorthand reporter authorized to administer oaths who will record

1 | the deposition stenographically. Moreover, the oath will also be administered
2 | telephonically and/or via video.
3 |     Please take notice that the deposition may also be recorded by
4 | videotape and/or audiotape. If the deposition does not go forward on the date
5 | set forth above, the deposition will take place on a date agreeable to the
6 | parties and the witness(es), with the same terms and requirements set forth
7 | herein. A copy of the relevant subpoena is attached hereto.

Dated: August 8, 2024      By:  */s/ Frank R. Trechsel*
                                        Scott Alan Burroughs, Esq.
                                        Frank R. Trechsel, Esq.
                                        Benjamin F. Tookey, Esq.
                                        DONIGER / BURROUGHS
                                        Attorneys for Plaintiffs

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| CLEVELAND CONSTANTINE BROWNE, et al.<br>*Plaintiff*<br>v.<br>RODNEY SEBASTIAN CLARK DONALDS, et al.<br>*Defendant* | )<br>)<br>)  Civil Action No. 2:21-cv-02840-AB-AFM<br>)<br>)<br>) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: ZERO POINT ZERO PRODUCTION, INC.
875 AVENUE OF THE AMERICAS, 19th Floor, New York, NY 10001

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See, Exhibit A.

| Place: 247 WATER STREET, FIRST FLOOR<br>NEW YORK, NY 10038 | Date and Time:<br>September 6, 2024 at 9:30 a.m. |
|---|---|

The deposition will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See, Exhibit B

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

/s/ Scott Alan Burroughs

_____     _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Cleveland Constantine Browne, The Estate of Wycliffe Johnson; Steely & Clevie , who issues or requests this subpoena, are:

Scott Alan Burroughs | 247 Water Street, First Floor, New York, NY 10038 | scott@donigerlawfirm.com | 310-590-1820

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:21-cv-02840-AB-AFM

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND CONSTANTINE BROWNE, et al., <br><br> Plaintiff, <br><br> v. <br><br> RODNEY SEBASTIAN CLARK DONALDS, et al., <br><br> Defendants. | Case No.: 2:21-cv-02840-AB-AFM <br> *Hon. André Birotte Jr. Presiding* <br><br> **EXHIBIT A TO PLAINTIFFS' SUBPOENA TO ZERO POINT ZERO PRODUCTION, INC.** |

PROPOUNDING PARTIES:   PLAINTIFFS

RESPONDING PARTY:   ZERO POINT ZERO PRODUCTION, INC.

**TO RESPONDING PARTY AND ITS ATTORNEYS OF RECORD:**

Pursuant to Fed. R. Civ. P. 45, Plaintiffs will depose Zero Point Zero Production, Inc. ("Zero Point") on the following topics:

1. The authenticity of the documents produced in response to Plaintiffs' subpoena to Zero Point.

2. Zero Point's maintenance and recordkeeping practices with respect to the documents produced in response to Plaintiffs' subpoena to Zero Point.

3. The development and production of *De La Calle* and the creative decisions made regarding subject matter and individuals to involve.

Dated: August 8, 2024              DONIGER / BURROUGHS

                        By: */s/ Scott Alan Burroughs*
                            Scott Alan Burroughs, Esq.
                            Frank R. Trechsel, Esq.
                            Benjamin F. Tookey, Esq.
                            Attorneys for Plaintiffs

# EXHIBIT B

1  Scott Alan Burroughs (SBN 235718)
   scott@donigerlawfirm.com
2  Frank R. Trechsel (SBN 312199)
   ftrechsel@donigerlawfirm.com
3  Benjamin F. Tookey (SBN 330508)
4  btookey@donigerlawfirm.com
   DONIGER / BURROUGHS
5  603 Rose Avenue
6  Venice, California 90291
   Telephone: (310) 590-1820
7
8  Attorneys for Plaintiffs

9
              UNITED STATES DISTRICT COURT
10            CENTRAL DISTRICT OF CALIFORNIA

11
   CLEVELAND CONSTANTINE              Case No.: 2:21-cv-02840-AB-AFM
12 BROWNE, et al.,                    <u>Hon. André Birotte Jr. Presiding</u>

13
   Plaintiff,                         **EXHIBIT B TO PLAINTIFFS'**
14                                    **SUBPOENA TO ZERO POINT ZERO**
                                      **PRODUCTION, INC.**
15 v.

16 RODNEY SEBASTIAN CLARK
17 DONALDS, et al.,

18 Defendants.

19
20
21       PROPOUNDING PARTIES:    PLAINTIFFS
22       RESPONDING PARTY:       ZERO POINT ZERO PRODUCTION, INC.

**TO RESPONDING PARTY AND ITS ATTORNEYS OF RECORD:**

Pursuant to Fed. R. Civ. P. 45, Plaintiffs request that Zero Point Zero Production, Inc. ("Zero Point") produce the following documents and things:

**DEFINITIONS**

1. "Communication" refers to any conveyance or transmittal of information of any kind (whether in the form of facts, ideas, inquiries, or otherwise), including, without limitation, the information therein conveyed or transmitted.

2. "Browne" refers to Plaintiff Cleveland Constantine Browne p/k/a Clevie.

3. "Johnson" refers to Plaintiff Anika Johnson as personal representative and executor of the Estate of Wycliffe Johnson.

4. "Steely & Clevie" refers to Plaintiff Steely & Clevie Productions Ltd. and the Jamaican dancehall reggae production duo comprised of Browne and Wycliffe Johnson.

5. "Gibson" refers to Plaintiff Carl Gibson as personal representative and executor of The Estate of Ephraim Barrett.

6. "Litigation" refers to this pending action captioned *Cleveland Constantine Browne et al. v. Rodney Sebastian Clarke Donalds et al.*, Case No. 21-cv-02840-AB-AFM.

7. "SCAC" refers to the Second Consolidated Amended Complaint filed in this Litigation on April 21, 2023.

8. "Document" or "Documents" has the broadest possible meaning under Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001, and includes all Communications (as defined herein), writings, and other tangible things upon which any form of Communication or information is recorded or reproduced, as well as preliminary drafts and non-identical copies of the above (whether such copies differ from the original by reason of notation made on such copies or otherwise). Without limiting the generality of the foregoing, the term "Document" or

1  "Documents" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports, summaries, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, marketing materials, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or of other Communications of any type (including inter-and intra-office Communications), questionnaires, surveys, charts, graphs, photographs, films, audio recordings (including, but not limited to, mixed recordings and multi-track or sequenced audio files), videos (including, but not limited to, videos on YouTube, Vimeo, Hulu, and other streaming platforms), tapes, disks, data, transactional records, e-mail and attachments, instant messages, texts, Web logs (blogs), Web forum posts or comments, Facebook wall posts, messages, or status updates, Instagram posts, messages, or comments, YouTube wall posts or comments, Tweets, and all other data compilations from which information can be obtained, including, but not limited to, electromagnetically sensitive or optical storage media, and any preliminary versions, drafts, or revisions of any of the foregoing. "Document" or "Documents" also includes each and every file folder or other material in which the above items are stored, filed, or maintained and the hierarchal folder structure in which the data is contained.

9. "Identify" shall, when used in conjunction with a Document or other tangible thing, require You to provide the location, a description, and the name, physical address, email address, and telephone number of the custodian of the Document or tangible thing. "Identify" shall, when used in conjunction with a request for information about a Person (as defined herein), require You to provide the name, employer and position, any and all known physical addresses, all known email addresses, and all known telephone numbers for that Person.

10. "You" and "Your" refers to Responding Party, and any and all agents, employees, attorneys, investigators, representatives, or any other Persons (as defined herein) acting or purporting to act on Your behalf.

11. "Fish Market" refers to the musical composition and sound recording referred to in Paragraph 179 of the SCAC.

12. "Dem Bow" refers to the musical composition and sound recording referred to in Paragraph 181 of the SCAC.

13. "Pounder" refers to the *Pounder Dub Mix II* as defined in paragraph 182 of the SCAC.

14. "Fish Market Riddim" refers to the allegedly infringed riddim referred to and described in Paragraphs 180, 188, and 648 of the SCAC.

15. The "Fish Market Elements" refers to the following non-exclusive elements:

   i. A programmed kick playing on beats one to four;

   ii. A snare with ghost notes on the third and eleventh sixteenth notes of each bar, complementing a snare on the fourth, seventh, twelfth, and fifteenth beats of each bar;

   iii. A hi-hat playing a one bar pattern together with the programmed kick on beats one to four;

   iv. A tambourine playing through the entire bar with a combination of 8th and 16th notes;

   v. A synthesized 'tom' playing on beats one and three;

   vi. Timbales that play a roll at the end of every other bar and a combination of 16th notes over the pattern; and

   vii. Synthesized Bb (b-flat) bass note on beats one and three of each bar, which follows the aforementioned synthesized 'tom' pattern.

16. "Person" or "Persons" refers to any natural person, proprietorship, partnership, public or private corporation, limited liability company, joint venture,

trade or other association, company, firm, or any other form of business or legal entity, organization, arrangement, group, or association.

17. "Disputed Works" refers collectively to the musical compositions, and sound recordings embodying those compositions, noted in Exhibit A to the SCAC at Dkt. 305-1, as well as any and all transcriptions, songwriting notes, lyric sheets, demo recordings, sequenced or multi-track recording sessions (i.e., Pro Tools or Logic Sessions), mixes, archives, backups, and music videos, including audio or video recordings of live performances of any kind, for those musical compositions and related sound recordings.

18. "Relate" or "Relating" means to bring into or link in logical or natural association to establish or demonstrate a connection between.

## REQUESTS FOR PRODUCTION

1. All video and interview footage filmed for use in the documentary series *De La Calle*, whether it appeared in the documentary series or not.

2. All episodes of the documentary series *De La Calle*.

3. All communications with Gente de Zona, including but not limited to all interview footage for the documentary series *De La Calle*.

4. All communications with Feid, including but not limited to all interview footage for the documentary series *De La Calle*.

Dated: August 8, 2024

DONIGER / BURROUGHS

By: */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Frank R. Trechsel, Esq.
Benjamin F. Tookey, Esq.
Attorneys for Plaintiffs