# Exhibit C

# Ballard Spahr
### LLP

--------------------

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Jacquelyn Schell
Tel: 646.446.8048
Fax: 212.223.1942
SchellJ@ballardspahr.com

August 23, 2024

*Via E-mail*

Frank R. Trechsel, Esq.
Doniger / Burroughs
603 Rose Ave.
Venice, CA 90291

Re:  *Browne, et al., v. Donalds, et al.*, Case No. 2:21-cv-02840-AB-AJR (C.D.Cal.),
      Subpoena *Duces Tecum* Served on Paramount Global

Dear Frank:

As you know, this firm represents Paramount Global ("Paramount")[1] in connection with the subpoena *duces tecum* ("Subpoena") served by your clients ("Plaintiffs"), on August 9, 2024, in the above-referenced action.

## Objections to Document Requests

Pursuant to Fed. R. Civ. P. 45, Paramount hereby objects to the document requests contained in the Subpoena on the following grounds:

Paramount objects to each of the enumerated document requests contained in the Subpoena, Exhibit B (together, the "Requests"), to the extent that it seeks documents and things that are not within Paramount's possession, custody, or control; that are readily accessible from other parties or sources; or that are publicly available or already in Plaintiffs' possession.

Paramount further objects to each Request to the extent that it seeks information or documents protected by any other privilege, including the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

---

[1] The proper entity to which the Subpoena should have been directed is New Remote Productions Inc., a subsidiary of Paramount.  Paramount responds on behalf of New Remote Productions Inc. without waiver of any specific objections New Remote Productions Inc. may have as distinct from Paramount.

Frank R. Trechsel, Esq.
August 23, 2024
Page 2

Paramount further objects to each Request to the extent that it is overly broad, vague or ambiguous, unreasonably cumulative or burdensome, fails to identify the documents or other items sought with reasonable particularity, seeks documents or things not relevant to any party's claim or defense, or is disproportional to the needs of the case, and/or imposes an undue burden on Paramount.

Paramount further objects to each Request to the extent that it seeks unpublished newsgathering materials, including but not limited to notes, transcripts, interviews, video recordings, or audio recordings, which constitute journalistic work product protected against compelled disclosure by the reporter's privileges, including but not limited to New York's shield law, California's shield law, the privilege derived from the First Amendment to the U.S. Constitution, the privileges derived from the California and New York Constitutions, and any analogous privilege under applicable law.  *See* N.Y. Civ. Rights Law § 79-h; N.Y. Const. art. I, § 8; Cal. Evid. Code § 1070; *Gonzales v. NBC*, 194 F.3d 29, 35 (2d Cir. 1998); Cal. Const. art. I, § 2(b).

By way of example, and without waiver of any of these objections, Paramount notes that the Requests appear to seek all outtakes related to all interviews in all episodes of the *De La Calle* docuseries.  To the extent you seek such records, the Requests are overbroad and otherwise improper pursuant to the various shield laws and reporter's privileges.  To the extent you seek information relating to specific episodes, Paramount asks that you identify the specific interview or episode that you seek and explain the basis on which you believe you could overcome the applicable reporter's privileges.

Paramount further objects to the extent that the Subpoena seeks to impose obligations beyond what is required in accordance with the Federal Rules of Civil Procedure and any scheduling orders in this case.

If Plaintiffs will identify the specific episode(s) at issue, Paramount is willing to produce a copy of the aired footage.

### Objections to and Postponement of Deposition

Paramount also objects to Plaintiffs' proposed deposition and each of the proposed topics enumerated in the Subpoena, Exhibit A (together, the "Topics"), on the same grounds enumerated above.

As an initial matter, the proposed deposition is wholly unnecessary.  Of course, should Paramount determine that non-privileged, responsive documents exist, it is amenable to providing a custodian declaration authenticating the same.  That leaves a single topic relating to the "development and production of *De La Calle*."  Paramount is a non-party to this matter, this Topic does not appear to seek relevant information, and even if it were relevant, this information would be protected by the reporter's privileges discussed above. The proposed deposition would only serve to force Paramount, a non-party, to incur costs

Frank R. Trechsel, Esq.
August 23, 2024
Page 3

either preparing for an improper deposition or undertaking motions practice to avoid these
costs. This is contrary to the Rules. *See* Fed. R. Civ. P. 45(d)(1) (requiring that parties
issuing subpoenas "take reasonable steps to avoid imposing undue burden or expense on a
person subject to the subpoena" and allowing sanctions for failure to do so).

      In any event, and without waiving these objections, Paramount notes that it is still
investigating what responsive records may exist and who, if anyone, involved in the
production may have relevant information. As we discussed on the phone, we also expect
that resolution of the Requests and Paramount's objections to them will resolve or moot your
request for a deposition.

      Even if that is not the case, Paramount's objections on the basis of the reporter's
privilege will first need to be resolved prior to scheduling a deposition. We ask that you
withdraw the proposed deposition entirely. If you will not, we believe it is in the interest of
all parties and would be far more efficient to take the deposition off the calendar until we can
resolve the Requests, meet and confer regarding whether a deposition is necessary, and
identify a mutually agreeable time and place, if a deposition is to go forward. Of course,
Paramount reserves the right to seek fees if it is forced to file a motion to quash such a
needless deposition. *See* Fed. R. Civ. P. 45(d)(1).

      To avoid the need for unnecessary motions practice, please let us know by August
28, 2024, if you will agree to hold the deposition in abeyance or, at a minimum, agree to
postpone the deposition by 60 days.

      If you have questions or would like to discuss this further, please do not hesitate to
contact me at the information above.

Very truly yours,

Jacquelyn Schell

cc:    Scott Burroughs, Esq., Counsel for Plaintiffs, *via email*
      Benjamin F. Tookey, Esq., Counsel for Plaintiffs, *via email*