# Exhibit D

# Frankfurt Kurnit Klein + Selz PC

September 6, 2024

*Via Email*
Frank R. Trechsel, Esq.
Doniger / Burroughs
603 Rose Ave.
Venice, CA 90291

      Re:    *Browne, et al., v. Donalds, et al.*,
               Case No. 2:21-cv-02840-AB-AJR (C.D.Cal.)

Dear Mr. Trechsel:

      This firm represents Zero Point Zero Productions, Inc. ("ZPZ") in connection with the subpoena *duces tecum* ("Subpoena") issued on behalf of your clients ("Plaintiffs"), in the above-referenced action ("Action").

## **GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION**

      Pursuant to Fed. R. Civ. P. 45, ZPZ hereby responds and objects to each of the enumerated document requests contained in the Subpoena, Exhibit B (together, the "Requests"), on the following grounds:

      1.    ZPZ objects to each Request to the extent that they seek documents and things that are not within ZPZ's possession, custody, or control; that are readily accessible from other parties or sources, particularly those that are named in this Action; or that are publicly available or already in Plaintiffs' possession.

      2.    ZPZ objects to each Request with respect to which any benefit of the production to Plaintiffs is outweighed by the burden and expense to ZPZ, taking into account the needs of the Action.

      3.    ZPZ objects to each Request to the extent that they seek information or documents protected by any other privilege, including the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

      4.    ZPZ objects to each Request to the extent that they are overly broad, vague or ambiguous, unreasonably cumulative or burdensome, fail to identify the documents or other

Frank R. Trechsel, Esq.
September 6, 2024
Page -2-

items sought with reasonable particularity, seek documents or things not relevant to any party's claim or defense, or are disproportional to the needs of the case, and/or impose an undue burden on ZPZ.

5.  ZPZ objects to each Request to the extent that they seek documents or information that ZPZ is under an obligation to any third-party not to disclose, including documents or information that would require breach of a contract, protective order, settlement, or other duty to maintain confidentiality.

6.  ZPZ objects to each Request to the extent that they seek unpublished newsgathering materials, including but not limited to notes, transcripts, interviews, video recordings, or audio recordings, which constitute journalistic work product protected against compelled disclosure by the reporter's privileges, including but not limited to New York's shield law, California's shield law, the privilege derived from the First Amendment to the U.S. Constitution, the privileges derived from the California and New York Constitutions, and any analogous privilege under applicable law. *See* N.Y. Civ. Rights Law § 79-h; N.Y. Const. art. I, § 8; Cal. Evid. Code § 1070; *Gonzales v. NBC*, 194 F.3d 29, 35 (2d Cir. 1998); Cal. Const. art. I, § 2(b).

By way of example, and without waiver of any of these objections, ZPZ notes that the Requests appear to seek all outtakes related to all interviews in all episodes of the *De La Calle* docuseries. To the extent you seek such records, the Requests are overbroad and otherwise improper pursuant to the various shield laws and reporter's privileges. To the extent you seek information relating to specific episodes, ZPZ asks that you identify the specific interview or episode that you seek and explain the basis on which you believe you could overcome the applicable reporter's privileges.

7.  ZPZ objects to each Request to the extent that they seek to impose obligations beyond what is required in accordance with the Federal Rules of Civil Procedure and any scheduling orders in this case.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

All video and interview footage filmed for use in the documentary series *De La Calle*, whether it appeared in the documentary series or not.

**RESPONSE TO REQUEST NO. 1:**

ZPZ objects to this Request to the extent that it seeks documents that are not in the possession, custody, or control of ZPZ, that are readily accessible from other parties or sources, or that are publicly available or already in Plaintiffs' possession. ZPZ further objects to this Request because it is overly broad, ambiguous, unreasonably cumulative, unduly burdensome,

Frank R. Trechsel, Esq.
September 6, 2024
Page -3-

fails to identify the documents or other items sought with reasonable particularity, seeks documents or things not relevant to any party's claim or defense, and is disproportional to the needs of the case. ZPZ also objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. ZPZ further objects to this Request to the extent that it seeks unpublished newsgathering materials, including but not limited to notes, transcripts, interviews, video recordings, or audio recordings, which constitute journalistic work product protected against compelled disclosure by the reporter's privileges, including but not limited to New York's shield law, California's shield law, the privilege derived from the First Amendment to the U.S. Constitution, the privileges derived from the California and New York Constitutions, and any analogous privilege under applicable law. ZPZ further objects to the Request to the extent that it seeks to impose obligations beyond what is required in accordance with the Federal Rules of Civil Procedure and any scheduling orders in this case. ZPZ objects to this Request to the extent that any benefit of the production to Plaintiffs is outweighed by the burden and expense to ZPZ. Subject to and without waiver of the foregoing objections and the General Objections, if Plaintiffs will identify the specific episode(s) at issue, ZPZ will produce a copy of the aired footage of such episode(s).

### REQUEST NO. 2:

All episodes of the documentary series *De La Calle*.

### RESPONSE TO REQUEST NO. 2:

ZPZ objects to this Request to the extent that it seeks documents that are not in the possession, custody, or control of ZPZ, that are readily accessible from other parties or sources, or that are publicly available or already in Plaintiffs' possession. ZPZ further objects to this Request because it is overly broad, ambiguous, unreasonably cumulative, unduly burdensome, fails to identify the documents or other items sought with reasonable particularity, seeks documents or things not relevant to any party's claim or defense, and is disproportional to the needs of the case. ZPZ objects to this Request to the extent that it seeks to impose obligations beyond what is required in accordance with the Federal Rules of Civil Procedure and any scheduling orders in this case. ZPZ further objects to this Request to the extent that any benefit of the production to Plaintiffs is outweighed by the burden and expense to ZPZ. Subject to and without waiver of the foregoing objections and the General Objections, if Plaintiffs will identify the specific episode(s) at issue, ZPZ will produce a copy of the aired footage of such episode(s).

### REQUEST NO. 3:

All communications with Gente de Zona, including but not limited to all interview footage for the documentary series *De La Calle*.

Frank R. Trechsel, Esq.
September 6, 2024
Page -4-

**RESPONSE TO REQUEST NO. 3:**

ZPZ objects to this Request to the extent that it seeks documents that are not in the possession, custody, or control of ZPZ, that are readily accessible from other parties or sources, or that are publicly available or already in Plaintiffs' possession. ZPZ further objects to this Request because it is overly broad, ambiguous, unreasonably cumulative, unduly burdensome, fails to identify the documents or other items sought with reasonable particularity, seeks documents or things not relevant to any party's claim or defense, and is disproportional to the needs of the case. ZPZ also objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. ZPZ further objects to this Request to the extent that it seeks unpublished newsgathering materials, including but not limited to notes, transcripts, interviews, video recordings, or audio recordings, which constitute journalistic work product protected against compelled disclosure by the reporter's privileges, including but not limited to New York's shield law, California's shield law, the privilege derived from the First Amendment to the U.S. Constitution, the privileges derived from the California and New York Constitutions, and any analogous privilege under applicable law. ZPZ objects to this Request to the extent that it seeks to impose obligations beyond what is required in accordance with the Federal Rules of Civil Procedure and any scheduling orders in this case. ZPZ objects to this Request to the extent that any benefit of the production to Plaintiffs is outweighed by the burden and expense to ZPZ.

**REQUEST NO. 4:**

All communications with Feid, including but not limited to all interview footage for the documentary series *De La Calle*.

**RESPONSE TO REQUEST NO. 4:**

ZPZ objects to this Request to the extent that it seeks documents that are not in the possession, custody, or control of ZPZ, that are readily accessible from other parties or sources, or that are publicly available or already in Plaintiffs' possession. ZPZ further objects to this Request because it is overly broad, ambiguous, unreasonably cumulative, unduly burdensome, fails to identify the documents or other items sought with reasonable particularity, seeks documents or things not relevant to any party's claim or defense, and is disproportional to the needs of the case. ZPZ also objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. ZPZ further objects to this Request to the extent that it seeks unpublished newsgathering materials, including but not limited to notes, transcripts, interviews, video recordings, or audio recordings, which constitute journalistic work product protected against compelled disclosure by the reporter's privileges, including but not limited to New York's shield law, California's shield law, the privilege derived from the First Amendment to the U.S. Constitution, the privileges derived

Frank R. Trechsel, Esq.
September 6, 2024
Page -5-

from the California and New York Constitutions, and any analogous privilege under applicable law. ZPZ objects to this Request to the extent that it seeks to impose obligations beyond what is required in accordance with the Federal Rules of Civil Procedure and any scheduling orders in this case. ZPZ objects to this Request to the extent that any benefit of the production to Plaintiffs is outweighed by the burden and expense to ZPZ.

## **OBJECTIONS TO AND POSTPONEMENT OF DEPOSITION**

ZPZ also objects to Plaintiffs' proposed deposition and each of the proposed topics enumerated in the Subpoena, Exhibit A, on the same grounds enumerated above.

As an initial matter, the proposed deposition is wholly unnecessary. Should ZPZ determine that non-privileged, responsive documents exist, it is amenable to providing a custodian declaration authenticating the same. That leaves a single topic relating to the "development and production of *De La Calle*." ZPZ is a non-party to this matter, this topic does not appear to seek relevant information, and even if it were relevant, this information would be protected by the reporter's privileges discussed above.

ZPZ's objections on the basis of the reporter's privilege will first need to be resolved prior to scheduling a deposition. We ask that you withdraw the proposed deposition entirely. If you will not, we believe it is in the interest of all parties and would be far more efficient to take the deposition off the calendar until we can resolve the Requests, meet and confer regarding whether a deposition is necessary, and identify a mutually agreeable time and place, if a deposition is to go forward. Of course, ZPZ reserves the right to seek fees if it is forced to file a motion to quash such a needless deposition. *See* Fed. R. Civ. P. 45(d)(1).

Very truly yours,

Maura J. Wogan

cc:   Scott Burroughs, Esq., Counsel for Plaintiffs, *via email*
      Benjamin F. Tookey, Esq., Counsel for Plaintiffs, *via email*